UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>KIMBERLY BROOKE GRAY,<br><br>                    Defendant. | CASE NO. CR16-5600 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, GRANTING MOTIONS TO SEAL, AND GRANTING THE GOVERNMENT'S MOTION TO FILE OVERLENGTH RESPONSE |

This matter comes before the Court on Defendant Kimberley Gray's ("Gray") motion for compassionate release, Dkts. 764, 771, Gray's and the Government's motion to seal, Dkts. 772, 774, and the Government's motion to file overlength response, Dkt. 775. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion for compassionate release and grants the motions to seal and motion to file overlength response for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On December 8, 2016, the grand jury returned an indictment against Gray for conspiracy to distribute controlled substances. Dkt. 1. On June 14, 2017, Gray pled guilty

to the conspiracy. Dkt. 372. On September 25, 2017, the Court sentenced Gray to 72-months imprisonment followed by four years of supervised release. Dkt. 514.

On July 27, 2020, Gray filed a pro se motion to reduce sentence or for compassionate release. Dkt. 764. On July 31, 2020, counsel was appointed to assist Gray, Dkt. 767, and the parties agreed to a supplemental or amended motion, Dkt. 770. On August, 20, 2020, Gray filed a supplement to her pro se motion for compassionate release, Dkt. 771, and a motion to seal, Dkt. 772. On September 8, 2020, the Government responded, Dkt. 776, and filed a motion to seal, Dkt. 774, and a motion to file overlength response, Dkt. 775. On September 11, 2020, Gray replied. Dkt. 778.

## II.   DISCUSSION

### A.   Motions to Seal and Motion to File Overlength Response

Regarding the motion to seal, Gray and the Government asserts that the exhibits they submitted in support of the supplement and response respectively contain Gray's personal medical information and should remain under seal. Dkts. 772, 774. The Court agrees that this information should remain confidential and therefore grants the motions. The Court also grants the Government's unopposed motion to file a response in excess of the twelve-page limitation imposed by Local Criminal Rule 12(b)(6) of the Rules of the United States District Court for the Western District of Washington.

### B.   Motion for Compassionate Release

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

(internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed

the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

    (1)(A) Extraordinary and compelling reasons warrant the reduction;
    ***

    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13.

In this case, the Court focuses on the § 3582(c)(1)(A) factor regarding the "extraordinary and compelling reasons" to warrant a reduction of Gray's sentence. The Sentencing Commission provides guidance on what constitutes "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons other than or in combination with the first three elements. USSG § 1B1.13; *id.* at cmt. n.1(A)–(D). Gray argues that she suffers from two conditions that increase her risk of severe illness if she contracts COVID-19: a body mass index ("BMI") over 30 and Type 2 Diabetes. Dkt. 771. The CDC has documented that individuals with the conditions of obesity, i.e., a BMI over 30, and Type 2 Diabetes are at increased risk of severe illness from COVID-19.[1] The Court understands that COVID-19 raises serious concerns given Gray's documented medical conditions and the BOP's ability to protect Gray from infection. However, Gray has not

---

[1] Center for Disease Control and Prevention, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Sept. 11, 2020).

1   provided sufficient evidence in the record to establish that extraordinary and compelling

2   reasons exist here.

3   First, Gray's medical records reflect a BMI of 30.4 in 2017 and 32.1 in 2019.

4   Sealed Dkt. 771-1 at 196; Sealed Dkt. 777 at 39. The Government has adopted the

5   position that "under the present circumstances, an inmate's diagnosis with a medical

6   condition that the CDC has identified as an actual risk factor for COVID-19, and from

7   which the inmate is not expected to recover, presents an 'extraordinary and compelling

8   reason[.]'" Reply in Support of Application for Stay, *Williams v. Wilson*, No. 19A1047,

9   at 18 n.4 (U.S. June 4, 2020). The Government therefore argues that obesity is a medical

10  condition from which Gray could recover. Dkt. 776 at 9–10. The Court agrees with Gray

11  that expecting Gray to lose 50 pounds to reduce her BMI to normal or healthy levels, i.e.

12  a BMI between 18.5 and 24.9,[2] to recover from the medical condition of obesity is an

13  unrealistic expectation at this time. However, Gray need not reduce her BMI to normal or

14  healthy levels in order to recover from the medical condition that places her at a risk of

15  severe complications from COVID-19. The CDC only lists a BMI of over 30 as a

16  condition which comes with an increased risk of severe illness; the CDC does not

17  mention whether having an overweight BMI, i.e., a BMI between 25 and 29.9, is a

18  condition that creates or might create an increased risk of severe illness.[3] Given Gray's

19

20  [2] Center for Disease Control and Prevention, *About Adult BMI*,
    https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html (last reviewed Sept. 17,
21  2020).

    [3] *Cf.* Center for Disease Control and Prevention, *People with Certain Medical*
22  *Conditions*.

1    age and weight, it appears to the Court that she could feasibly recover from this medical

2    condition and eliminate the immediate risk of severe complications from COVID-19.

3         Second, Gray asserts that she has been diagnosed with type 2 diabetes, which puts

4    her at a risk of severe infection from COVID-19. Dkt. 771 at 5; Sealed Dkt. 771-1 at 5.

5    While Gray's medical records do contain a description of Gray having diet-controlled

6    diabetes, throughout her imprisonment Gray has denied having diabetes, Sealed Dkt. 771-

7    1 at 35, 43, 208, 216, 225, 232, 297, 301, and she admits that her hyperglycemia and

8    diabetes have been in remission since February 2020, Dkt. 778 at 2; Sealed Dkt. 771-1 at

9    68. This conflicting evidence in Gray's record is insufficient to establish an

10   "extraordinary and compelling reason" to warrant compassionate release.

11        Finally, Gray argues that her hypertension and asthma additionally support an

12   "extraordinary and compelling reason." Gray's medical records reflect diagnosis of

13   hypertension and asthma, as well as medications to treat her conditions. Sealed Dkt. 771-

14   1 at 52, 196, 198, 206. The Court agrees with Gray's argument that even if Gray's

15   hypertension and asthma are controlled by medication, they cannot be eliminated as risk

16   factors. *See* Dkt. 778 at 2. Yet the CDC has concluded at this time that hypertension and

17   asthma both might present an increased risk of severe illness from COVID-19.[4] The mere

18   possibility of an increased risk does not establish an "extraordinary and compelling

19   reason" for compassionate release.

20

21

22        [4] Center for Disease Control and Prevention, *People with Certain Medical Conditions*.

1   The Court acknowledges that the medical conditions that Gray suffers from cannot

2   be viewed in isolation and that the conditions in totality can create a higher risk for severe

3   infection or complications. However, Gray's relatively young age does not place her at a

4   high risk of severe infection from COVID-19. Moreover, the record as it currently stands

5   fails to present extraordinary and compelling reasons to warrant granting Gray's motion

6   for compassionate release at this time.[5]

7   **III.  ORDER**

8   Therefore, it is hereby **ORDERED** that Gray's motion for compassionate release,

9   Dkt. 771, is **DENIED** without prejudice, Gray's and the Government's motion to seal, Dkts.

10  772, 774, are **GRANTED** and the Government's motion to file overlength response, Dkt. 775, is

11  **GRANTED**.

12  Dated this 28th day of September, 2020.

13

14  _____

15  BENJAMIN H. SETTLE
    United States District Judge

16

17

18

19

20

21

22  [5] Because Gray has failed to established extraordinary or compelling reasons, the Court will not consider public safety or the § 3553(a) factors in denying the motion.